I concur with the affirmance of the trial court's judgment regarding the wife's award of an attorney fee. I dissent from the affirmance of the trial court's order of postminority educational support authorized by Exparte Bayliss, 550 So.2d 986 *Page 401 
(Ala. 1989). The trial court's judgment provides that the father will pay 70 percent and the mother will pay 30 percent of the oldest son's college expenses "not in excess of what the same would cost at a state-supported institution within the State of Alabama, for a period of four academic years, so long as he remains a full-time student (summers excepted), maintains at least a 2.0 overall GPA (on a 4.0 scale), and remains unmarried."
I have no problem with the trial court's allocation of the cost, which approximately mirrors each parent's percentage of gross income. Also, the limitations on the award are in line with relevant caselaw. See Kent v.Kent, 587 So.2d 409 (Ala.Civ.App. 1991) (holding that an award of postminority educational support must include reasonable limitations on the award to prevent undue hardship on the paying parents). However, the record contains no evidence of what school the son plans to attend, applicable tuition rates, or what related educational expenses the son may incur. Without any evidence of the proposed costs, I conclude that this court is not in a position to review the propriety of the trial court's judgment awarding college expenses.